■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK WILLIAMS, Appellant.—Judgment of the Supreme Court, Bronx County (Harold Silverman, J.), rendered May 29, 1988, convicting defendant, upon a guilty plea, of criminal possession of a weapon in the third degree (Penal Law § 265.02), unanimously reversed, on the law, defendant's motion to suppress evidence granted and the indictment dismissed.

On December 27, 1987, at approximately midnight, members of the Street Crime Unit Taxi Force Squad became suspicious of a licensed livery cab carrying two male passengers, one in the front seat and one in the back. Because the incidence of cab robberies in the vicinity was unusually high and because the seating arrangement of the passengers was consistent with the modus operandi employed in such robberies, the police officers, patrolling in an unmarked car and in plain clothes, placed their shields around their necks and a flashing red light on the dashboard of their car and approached the cab as it stopped for a red light. As Police Officer James Roy approached the driver's side, the cab lurched forward until the officer yelled, "Stop the vehicle." Suspicious that the car might be stolen, Officer Roy asked the driver to produce a license and registration. When unable to supply a registration, Officer Roy asked the driver to exit the vehicle. Meanwhile Officer Brian Murphy requested defendant, who was the passenger in the front seat, to get out of the vehicle. As defendant stepped out, the police officer observed a bulge protruding from his front jacket pocket and inquired, "What do you have there?" Without waiting for a response, Officer Murphy patted the front of defendant's jacket and felt the outline of a gun. Placing his hand in defendant's pocket, he withdrew a .25 caliber automatic handgun loaded with three rounds of ammunition. Defendant was then placed under arrest.

Defendant moved to suppress the seizure of the gun which is the subject of this prosecution. The hearing court denied the motion, finding that the police officer had an articulable, valid reason for stopping the vehicle and that Officer Murphy, having reasonable grounds to believe that defendant possessed a weapon, was justified in patting defendant's pocket and in seizing the gun.

While we appreciate the police officer's understandable concern for his personal safety, this court has consistently held that "the mere observation of an undefinable bulge in a person's pocket is insufficient as a basis for a frisk or search for a [handgun]. *(See, People v Wiley,* 110 AD2d 590; *People v Cornelius,* [113 AD2d 666]; *People v Williams,* 79 AD2d 147.) Unlike a waistband bulge which is a telltale of a weapon, a pocket bulge could be caused by any number of innocuous objects" *(People v Howard,* 147 AD2d 177, 181). Further investigation was required before the police officer could conduct even the minimally intrusive search consisting of placing his hand on the area of the bulge. Concur—Sullivan, J. P., Ross, Rosenberger, Ellerin and Rubin, JJ.